```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

United States of America

       v.

Daniel G. Sasiadek,

               Defendant.

**Decision and Order**

15-CR-159W

## I. INTRODUCTION

On September 28, 2016, defendant Daniel Sasiadek ("Sasiadek") filed a set of omnibus pretrial criminal motions. (Dkt. No. 30.) The Court has issued a separate Report and Recommendation to address Sasiadek's motion to suppress evidence. The Court presumes familiarity with the case based on the background facts discussed in the Report and Recommendation. This writing serves to address Sasiadek's non-dispositive pretrial motions.

## II. DISCUSSION

### A. *Motion for Rule 16 Discovery*

Sasiadek seeks Federal Rules of Criminal Procedure ("FRCP") Rule 16 discovery including background information about the Network Investigative Technique ("NIT") used in this case; inspection of any items seized on the day of arrest; audio and video recordings and associated transcripts; photographs regarding his arrest; and disclosure of expert witness information. The only request that the Government explicitly opposes is the request regarding the NIT; the Government opposes that request as overly broad and as infringing on privileged information. With respect to the other discovery requests, the Government responds that it has made the

requested information available already, that it reserves the right to offer the information (in the instance of expert testimony) at a more appropriate time, and that it is aware of its continuing obligations to provide disclosure.

With respect to the request for NIT discovery, Sasiadek's motion is denied without prejudice. The record already contains a lot of information about the NIT's operation. Nonetheless, if Sasiadek can identify more specific information about the NIT that would fall under Rule 16 then he should have an opportunity to renew his request before Judge Wolford. To the extent that any other requests from Sasiadek's motion remain outstanding, the Government is directed either to furnish the information or to provide notice of an objection to production.

### B. Motion for Brady / Jencks / Giglio Material

Sasiadek seeks information subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and *Giglio v. U.S.*, 405 U.S. 150 (1972). "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution . . . . Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady*, 373 U.S. at 87. The *Brady* rule covers situations "[w]hen the reliability of a given witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (internal quotation marks and citation omitted); *accord U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (plurality opinion) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady*

2

rule.") (citing *Giglio*). When considering information that might fall under the *Brady* rule, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The Government does not necessarily have to await a defense request to produce information that falls under the *Brady* rule, but neither does it need to adopt an "open file policy." *See id.* at 437; *see also U.S. v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Under *Brady* and its progeny, the government has an affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense. The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation.") (citations omitted). Also, "[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." *U.S. v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) (citations omitted). As for the timing of *Brady* disclosure, "[i]t is not feasible or desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made. Thus disclosure prior to trial is not mandated. Indeed, *Brady* requires disclosure of information that the prosecution acquires during the trial itself, or even afterward . . . . At the same time, however, the longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (citations omitted).

Here, the Government denies having information that would fall within the scope of *Brady*. The Government nonetheless has acknowledged its affirmative obligations for disclosure under *Brady*, the Jencks Act, and *Giglio*, and has committed to making future disclosures as needed. The Government's commitment will suffice at this time, as long as it ensures that Sasiadek's opportunity to use any future *Brady* information is proportional to the volume and the favorable nature of the information.

### C. Motion for FRE 404(b), 608, and 609 Material

Sasiadek seeks notice of evidence that the Government would use at trial under Federal Rules of Evidence ("FRE") 404(b), 608, and 609. FRE 404(b) governs requests for disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief. FRE 404 requires that defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the Government intends to use any such evidence of a prior bad act in its case in chief, and to the extent that it has not already done so, the Government shall produce all FRE 404(b) evidence as directed by Judge Wolford in the trial order.

With respect to Sasiadek's requests under FRE 608 and 609, the only notice requirement imposed by either Rule applies closer to trial. FRE 609(b)(2) mandates that "the proponent [give] an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." To the extent that the Government intends to use at trial evidence falling under these rules, it must give reasonable notice as directed by Judge Wolford in the trial order.

### D. *Motion for Preservation of Notes*

Sasiadek seeks an order requiring law enforcement agents who participated in this case to preserve their rough notes. The Government objects to the request to the extent that it reaches beyond Jencks obligations and to the extent that it suggests that notes must be preserved even after incorporated into a final report. The Court acknowledges the Government's objections but nonetheless believes that preservation of all rough notes would be appropriate at least temporarily. The Court directs the Government to arrange for preservation of rough notes pending further instructions from Judge Wolford.

## III. CONCLUSION

The Court adjudicates Sasiadek's non-dispositive pretrial motions as noted above.

SO ORDERED.

                                             __/s *Hugh B. Scott*_____
                                             Hon. Hugh B. Scott
                                             United States Magistrate Judge

DATED: November 2, 2017